IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAVID V. WILLIAMS JR. #A1062925,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII, et al.,<br><br>Defendants. | ) | CIV. NO. 06-00194 DAE-BMK<br><br>ORDER DENYING MOTIONS AND REQUESTS FILED JUNE 14, 2006, AND JUNE 16, 2006 |

**ORDER DENYING MOTIONS AND REQUESTS**
**FILED JUNE 14, 2006, AND JUNE 16, 2006**

On June 14, 2006, *pro se* plaintiff David V. Williams Jr., filed numerous documents in this prisoner civil rights action, including: a "Motion for Order Prohibiting Custody of Plaintiff to be at Halawa Prison When Returned From T.C.C.F. In Mississippi Back to Hawaii Prior to Plaintiff's Release From Prison" ("First Motion"); a "Motion for an Order Defining What an Indigent Inmate Is, the Current Law In Regards to Free Photocopying of Indigents Court Submitted Papers, Free Postage, Paper and Envelopes to Mail Them and the Access to Typewriters to Create Documents For the Indigent Pro Se's Case" ("Second Motion"); and a Notice of Appeal.[1] Accompanying these documents were three

[1] Williams is apparently appealing the dismissal of several of the claims in his Complaint. The court notes that, without a Rule 54(b) certification, an order

letters to the Clerk of Court, stating that his prison, Tallahatchie County Correctional Facility ("TCCF"), located in Tutwiler, Mississippi, is refusing to provide him with free postage for his legal documents or to allow him to copy his legal documents for free, although he alleges he has only $.02 in his prison trust account.

On June 16, 2006, Williams filed a "Motion For Plaintiff To Be Moved To A Facility Where He Can Receive an Evaluation and Treatment For Mental Health Concerns" ("Third Motion"). Williams also submitted another letter stating he is unable to copy this Motion and requesting the court to forward a copy of it to him. For the following reasons, Williams's Motions and Requests are DENIED.

I. Williams's First Motion is Denied.

Williams seeks an order preventing prison officials from housing him at Halawa Correctional Facility ("Halawa") if and when he is transferred back to Hawaii. Williams states that his Complaint is brought against several prison officials employed at Halawa and he fears retaliation from these individuals.

---

dismissing some but not all claims in a complaint is not a final order appealable under 28 U.S.C. § 1291. *See* Fed. R. Civ. P. 54(b); *Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir.1985); *see also Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1066 (9th Cir.2000) (a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."). The court has, nonetheless, processed Williams's notice of appeal in the normal course.

At present, Williams's Complaint is still unserved.[2] There is no trial date set and there are no impending dates requiring Williams's transport to Hawaii. Thus, the possibility that Williams will be transported to Hawaii is, at this time, only a distant prospect and there is no immediate controversy at issue; nothing has yet happened. A federal court must confine itself to deciding actual cases and controversies. *See* U.S. Const. art. III, § 2, cl. 1; *Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 -29 (9th Cir. 2005). This Court does not have the jurisdiction to decide an issue that may, in fact, never arise.

Moreover, Williams has alleged no credible facts in this Motion, showing that he would, in fact, be in any danger if he were transferred back to Halawa. He bases his Motion solely on the fact that he has filed suit against Halawa prison officials, therefore he believes they may retaliate against him if he is returned. Prisoners sue prison officials daily; this fact alone is insufficient to issue an order preventing Williams from being returned to Halawa, on the basis of speculative claims of potential retaliation. Williams's First Motion is DENIED.

II. Williams's Second Motion is Denied.

Williams's Second Motion seeks a court order defining TCCF's indigency

---

[2] Williams has been given instructions on how to enable the United States Marshals Service to serve his Complaint. To date, it does not appear from the docket that Williams has sent the required documents to the Marshals.

policy. Williams wants this Court to determine how much money a prisoner may have in his account to be considered indigent by prison officials, and whether a prisoner, if indigent, is entitled to free photocopies, free postage, paper, envelopes, and access to a typewriter. Williams moves the court to issue an order or declaration addressing these questions, which he may then present to TCCF officials to follow. In essence, Williams seeks legal advice, or an advisory opinion, from this Court.

The prohibition on advisory opinions, was first announced in *Hayburn's Case*, 2 U.S. 408, 2 Dall. 409, 1 L.Ed. 436 (1792), and is now well-settled. *See Clinton v. Jones*, 520 U.S. 681, 700 n. 33 (1997) ("This Court early and wisely determined that it would not give advisory opinions even when asked by the Chief Executive.") (quoting *Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 113(1948)). Regardless of whether the relief sought is monetary, injunctive, or declaratory, in order for a case to be more than a request for an advisory opinion, there must be an actual dispute between adverse litigants and a substantial likelihood that a favorable federal court decision will have some effect. *See Calderon v. Ashmus*, 523 U.S. 740; *Plaut v. Spendthrift Farm*, 514 U.S. 211(1995).

Williams intimates that TCCF is denying him and other indigent TCCF

inmates access to the courts by refusing to provide free photocopies and postage to inmates with less than $46.00 in their prison trust accounts. He does not actually assert that he has been denied access to the court, nor could he, as he has easily filed his Complaint, *in forma pauperis* application, numerous motions, and letters. Thus, Williams cannot show that he has suffered any "actual injury" sufficient to confer standing upon him for a right of access to the court claim. *See Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2179 (1996).[3] Moreover, the right of access to the courts is only a right to bring complaints to the court, not a right to discover such claims or to litigate them once they are filed with the court. *See id.* at 354-55; *Madrid v Gomez*, 190 F.3d 990, 995 (9th Cir. 1999). Furthermore, delays in providing legal materials or assistance, even if they result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362.

Thus, a prison may place reasonable restrictions on the amount of free postage and copying services an indigent inmate receives, as long as those restrictions do not lead to an "actual injury" to a prisoner's right of access to the court. *See e.g., Collier v. Nelson*, 2000 WL 14276, *2 (10th Cir. 2000)

---

[3]The right of access to the court is limited to nonfrivolous, direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Lewis*, 518 U.S. at 353 n.3, 354-55; *Madrid*, 190 F.3d 990, 995 (9th Cir. 1999).

(explaining that "[r]easonable regulations are necessary to balance the rights of prisoners with budgetary considerations.") (citation omitted); *Blaise v. Fenn*, 48 F.3d 337, 340 (8th Cir. 1995) (noting that a state penitentiary "does not offer unlimited postage without a showing of special circumstances to the deputy warden, and is not required to do so by *Bounds* [*v. Smith*, 430 U.S. 817 (1977)]"); *Chandler v. Coughlin*, 763 F.2d 110, 114 (2d Cir.1985) (concluding "a state is entitled to adopt reasonable postage regulations in light of, for example, prison budgetary considerations").

As to copying services, a prison could reasonably limit the amount of free copies a prisoner is allowed per month, or require the indigent inmate to copy his documents by hand or by using carbon paper. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1990) (denial of free photocopies does not constitute a denial of access to the courts). The prison could also require an indigent inmate to agree to negative balances in his prison trust account, with a promise to pay for copies or postage whenever more than a certain amount is deposited in the account.[4]

This Court will not enter an advisory opinion stating that a prison must

[4]The federal court, for instance, requires the prison to deduct money to pay for court filing fees whenever a prisoner proceeding *in forma pauperis* has more than ten dollars in his account, suggesting that ten dollars is an appropriate amount upon which to base a prisoner's indigency. *See* 28 U.S.C. § 1915(b)(2).

consider an inmate indigent based on an arbitrary sum in the prisoner's account, and must provide free photocopying and postage to indigent inmates, when there has been no actual injury of the denial of access to the court, or even credible allegations of such an injury.[5] Williams's Second Motion is DENIED.

III. Williams's Third Motion is Denied.

On June 16, 2006, Williams moved for a court order directing the State of Hawaii to provide him with "adequate mental health treatment," while he is incarcerated at TCCF, in Mississippi. Williams alleges that he is not receiving adequate mental health care at TCCF, and he attempts to tie this new claim to his present claims that he did not receive appropriate mental health care while incarcerated in Hawaii. Williams states that he is "due to be released from prison within the next 5 months and an evaluation and treatment is necessary prior to his release." (Third Mot. at 1.)

Williams's claim in this Motion, which is not a part of his Complaint, is to redress a violation that is allegedly occurring or will occur in Mississippi, and allegedly involves TCCF prison officials. First, nothing in this Motion, or in Williams's Complaint indicates that this Court has personal jurisdiction over

[5]Further, as discussed more fully in Section III of this order, venue for a claim against TCCF prison officials for denial of access to the court, would not lie in Hawaii, but in Mississippi.

defendants residing in Mississippi, so that an order could be entered requiring them to provide the mental health care Williams seeks.

Second, even if TCCF prison officials did fall under this Court's personal jurisdiction, venue for this claim does not lie in Hawaii. When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Flanagon v. Shively*, 783 F. Supp. 922, 935-937 (M.D. Penn. 1992). Venue may be raised by the court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Williams's ostensible new claim, that TCCF prison officials are denying him psychiatric care while he is incarcerated in Mississippi, must be brought in Mississippi, where the defendants allegedly reside, and where the events allegedly will occur or are allegedly occurring. Venue for this claim is simply not proper in

this district.[6]

Finally, this Court will not entertain a motion to amend Williams's Complaint to add this new claim, or construe this claim as an attempt to amend his Complaint. Although Rule 15 provides that a party may amend its pleadings "by leave of court" and that "leave shall be freely given when justice so requires," allowing Williams to add this new claim directed against new defendants is not in the interests of justice. Fed. R. Civ. P. 15(a).

If Williams's new claim, alleged against Mississippi actors, were accepted as an amendment, the amended complaint would create a completely different lawsuit against different parties. Williams is entitled to raise this claim, and any others he may have against TCCF officials, in a separate action in Mississippi. But amendment of the Complaint in this case to incorporate this new claim would only serve to complicate this matter and further delay the resolution of Williams's action. Williams's Third Motion is DENIED.

---

[6]Under 28 U.S.C. § 1406(a) a *case* filed in the wrong district should be dismissed unless the interests of justice require a transfer. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991). "The statute explicitly contemplates dismissal unless otherwise warranted." *Peckio v. Shay*, 708 F. Supp. 75, 76 (S.D.N.Y. 1989). Here, however, Williams has not filed a new action, but is simply adding new claims, by motion and without leave of court, to his Complaint.

IV. Williams's Letter Requests Are Denied.

Williams has submitted four letters to the Clerk of Court, alleging that TCCF is denying him free postage and free copies, and requesting the Clerk's Office personnel make copies of his documents for him.

All litigants, including litigants proceeding *in forma pauperis*, are required to pay $.50 per page for any document they would like copied by the court. As discussed above, Williams is not entitled to free copies, from the prison or from this court. *See Johnson*, 948 F.2d at 521; *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (stating that 28 U.S.C. § 1915(a) does not waive payment for costs of litigation other than filing of the complaint and service of process). Williams's requests for copies of his pleadings are DENIED.

IT IS SO ORDERED.




/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 21, 2006

Williams v. Hawaii, Civ. No. 06-00194 DAE-BMK; Order Denying Motions and Requests Filed June 14, 2006, and June 16, 2006/ non-disp ords 06/ Williams 06-194 (dny 6-14-06 motions)